IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02521-ZLW

CLEOTIS ARNELL LEWIS,

    Applicant,

v.

JOHN W. SUTHERS, Attorney General for State of Colorado,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 2 2010

GREGORY C. LANGHAM
                    CLERK

---

ORDER GRANTING MOTION TO RECONSIDER AND REINSTATING CASE

---

Applicant, Cleotis Arnell Lewis, filed *pro se* on January 25, 2010, a motion titled "Motion and Notice of Motion to Set Aside Entry of Default" asking the Court to reconsider and vacate the Order of Dismissal and the Judgment filed in this action on January 7, 2010. The Court must construe the motion for reconsideration liberally because Mr. Lewis is proceeding *pro se*. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be granted.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider pursuant to Rule 59(e) must be filed no later than twenty-eight days after entry of the judgment. See Fed. R. Civ. P. 59(e). Mr.

Lewis' motion to reconsider in this action, which was filed within twenty-eight days of the Order of Dismissal and the Judgment, will be considered pursuant to Fed. R. Civ. P. 59(e). The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed this action without prejudice for Mr. Lewis' failure, within the time allowed, to file an amended application that complied with an order dated November 17, 2009, requiring him to file an amended application. In his motion to reconsider, Mr. Lewis asserts that he did not receive the November 17 order because the mail room at the Crowley County Correctional Facility, where he is incarcerated, erroneously returned the order to the Court without his knowledge. Mr. Lewis alleges that he has been incarcerated at the Crowley County Correctional Facility for the duration of this lawsuit, and asks that the instant action be reinstated so that he may comply with the directives of the November 17 order.

Upon consideration of the motion to reconsider and the entire file, the Court finds that circumstances exist that justify a decision to reconsider and vacate the order dismissing this action. Because Mr. Lewis has alleged that he was denied the right to cure a deficiency in this action due to a mailing error outside of his control, the Court finds that the case must be reopened in order to prevent manifest injustice to Mr. Lewis. **See Servants of the Paraclete**, 204 F.3d at 1012. Therefore, the motion to reconsider will be granted. Accordingly, it is

2

ORDERED that the motion titled "Motion and Notice of Motion to Set Aside Entry of Default," which the Court has construed liberally as a Fed. R. Civ. P. 59(e) motion, is granted. It is

FURTHER ORDERED that the January 7, 2010, dismissal order and judgment are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the *pro se* docket. It is

FURTHER ORDERED that Mr. Lewis will be allowed **thirty (30) days from the date of this order** in which to comply with the directives of the November 17, 2009, order for an amended application. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lewis, together with a copy of this order, a copy of the November 17 order for an amended application and two copies of the following form to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that, if Mr. Lewis fails to file an amended application that complies with this order within the time allowed, the application and the action will be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this _10th_ day of _February_, 2010.

BY THE COURT:

_____ for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02521-BNB

Cleotis Arnell Lewis
Reg No. 85892
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER, Order Filed 11/17/09, and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 2/12/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk